FILED

UNITED STATES DISTRICT COURT PM 2:20
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 6:19-cv-507-ORL-40-LRH

$59,710.00 IN U.S. CURRENCY,

    Defendant.

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America brings this complaint and alleges upon information and belief, in accordance with Supp'l Rule G(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as follows:

## NATURE OF THE ACTION

1.    This is a civil action *in rem* to forfeit to the United States of America, pursuant to 21 U.S.C. § 881(a)(6), $59,710 in currency seized from Manuel Dejesus Rodriguez on November 8, 2018 during a traffic stop in Apopka, Florida (Defendant Funds).

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over an action commenced by the United States by virtue of 28 U.S.C. § 1345 and over an action for forfeiture by virtue of 28 U.S.C. § 1355.

3.     This Court has *in rem* jurisdiction over the Defendant Funds

pursuant to:

a.     28 U.S.C. § 1355(b)(1)(A), because pertinent acts or

omissions giving rise to the forfeiture occurred in the Middle District of

Florida; and

b.     28 U.S.C. § 1355(b)(1)(B), because venue properly lies in

the Middle District of Florida pursuant to 28 U.S.C. § 1395.

4.     Pursuant to 28 U.S.C. § 1355(b)(1), venue is proper in the United

States District Court for the Middle District of Florida because the acts or

omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANT *IN REM*

5.     The Defendant Funds consist of $59,710 in United States

currency seized from Manuel Dejesus Rodriguez (Rodriguez) during a traffic

stop in Apopka, Florida on November 8, 2018 by law enforcement officers

who determined that there was probable cause to believe that the Defendant

Funds constitute: (1) money furnished or intended to be furnished by a person

in exchange for a controlled substance in violation of the Controlled

Substances Act; (2) proceeds traceable to such an exchange; or (3) money used

or intended to be used to facilitate a violation of the Controlled Substances Act.

6.     The Drug Enforcement Administration (DEA) took custody of the Defendant Funds, and the funds remain in the custody of the United States.   As set forth in Supp'l Rule G(3)(b)(i), the Clerk of Court must issue a warrant to arrest the Defendant Funds if they are in the government's possession, custody, or control.

## BASIS FOR FORFEITURE

7.     The Defendant Funds are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because they constitute: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8.     The facts and circumstances supporting the forfeiture of the Defendant Funds have been provided by DEA Task Force Officer Daniel G. Moran. Officer Moran is employed by the Longwood Police Department, in Seminole County, Florida, as a duly sworn police officer and has been so

employed since April 1995. Officer Moran has been sworn as a DEA Task Force Officer since 2008 and has conducted hundreds of drug related criminal investigations.

9.     Prior to November 8, 2018, an individual who wishes to remain anonymous advised law enforcement that Rodriguez was traveling back-and-forth to Puerto Rico to purchase kilogram quantities of cocaine for distribution in central Florida.

10.     On November 8, 2018, the individual who wishes to remain anonymous told law enforcement that Rodriguez: (1) was in possession of a large amount of currency in the trunk of the black Nissan Altima that Rodriguez was driving; (2) was afraid to leave the money anywhere, so he traveled with the currency and kept it in the trunk of his car while working at Hippy's Used Auto Parts; and (3) would be leaving work that day between 5:00 PM and 6:00 PM.

11.     At approximately 6:07 PM, members of the Orange County Sheriff's Office conducted a traffic stop of Rodriguez, who was driving a black Nissan Altima, in Apopka, Florida.

12.     While deputies were conducting the traffic stop, a properly trained narcotics detection dog conducted an open air sniff of the exterior of

4

the black Nissan Altima and alerted to the odor of narcotics.

13.     After the dog alerted to the odor of narcotics, officers searched the Altima.

14.     During the search, officers located a plastic bag in the trunk of the vehicle that contained a large amount of U.S. currency.   The currency was separated into several bundles banded with different colored rubber bands. *See below.*



Individuals who handle controlled substances often get traces of the substances on their hands and clothing. These trace amounts can easily be spread to other items the individual touches such as currency. A positive alert by a properly trained narcotics detection dog indicates the presence of a

5

controlled substance, although there may only be trace amounts of the controlled substance.

15.     Rodriguez told deputies that the funds were business earnings of Hippy's Used Auto Parts.   Rodriguez also stated that he and his father were supposed to use the currency to buy 10 cars that day, but that their plans fell through.

16.     Additional currency was found on Rodriguez himself – including a large wad of currency that was wrapped in colored rubber bands.

17.     The currency from the trunk of the vehicle that was banded in rubber bands and the similarly banded currency on Rodriguez was seized by DEA Task Force Officer Moran. In total, Officer Moran seized $59,710 in currency.

18.     After Rodriguez learned that the currency was being seized, he made the following statements:

- Fuck this shit, I'm *getting back in the dope game now.*

- I'm going *straight back in the dope game now.*

- He (Officer Moran) knows me back when *I was in the dope game.* Back *when I was in the dope game*, 06, 07, 08. *Forty bricks a fucking week.* That was back then. I never had my drug charges — cocaine. *Forty bricks a fucking week.* I been stopped all that shit.

- I don't even want that money, I don't want nothing.   Just keep it

6

all.   Tell'em keep it all. Keep it all Dan (Officer Moran), don't even worry about it.

- I'll buy me a *couple of bricks* this week. I'll tell them to front me a *couple of bricks* this week. I'll have that money back by next week.

- I'm gonna send you (Officer Moran) a picture and tell ya I got my money back now.

- You (Officer Moran) already know I will. You already know that.

19.    On November 9, 2018, Rodriguez called Task Force Officer Moran and gave a different explanation for the source of the Defendant Funds – claiming that the currency seized was actually from the sale of a house that his father recently sold.

20.    Records from the Florida Department of Labor and Employment indicate no reported income for Rodriguez for the past five years.

## CONCLUSION

21.    As required by Supp'l Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial.   Specifically, probable cause exists to believe that the Defendant Funds constitute: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled

7

Substances Act and are therefore subject to forfeiture pursuant to 21 U.S.C. §
881(a)(6).

WHEREFORE, pursuant to Supp'l Rule G, Plaintiff United States of
America respectfully requests that process of forfeiture be issued against the
Defendant Funds; that due notice be given to all interested parties to appear
and show cause why the forfeiture should not be decreed; that the Defendant
Funds be forfeited to the United States for disposition according to law; and
that the United States have such other and further relief as this case may
require.

Dated: March <u>14th</u>, 2019  Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By:      _____
JAMES A. MUENCH
Assistant United States Attorney
Florida Bar No. 472867
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Facsimile: (813) 274-6220
E-mail: james.muench2@usdoj.gov

8

## VERIFICATION

I, Daniel G. Moran, hereby verify and declare under penalty of perjury, that I am a Task Force Officer with the Drug Enforcement Administration, and pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case together with DEA Special Agents, Task Force Officers, and other law enforcement officers.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of March, 2019.

Daniel G. Moran
Task Force Officer
Drug Enforcement Administration

9

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**DEFENDANTS**

$59,710.00 in United States Currency

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Orange
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
      Plaintiff

☐ 3   Federal Question
      *(U.S. Government Not a Party)*

☐ 2   U.S. Government
      Defendant

☐ 4   Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 840 Trademark | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | Injury | ☐ 380 Other Personal Property Damage | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | or Defendant) | Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
      Proceeding

☐ 2   Removed from
      State Court

☐ 3   Remanded from
      Appellate Court

☐ 4   Reinstated or
      Reopened

☐ 5   Transferred from
      Another District
      *(specify)*

☐ 6   Multidistrict
      Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. 881(a)(6)

Brief description of cause:
proceeds traceable to and/or money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 & 846

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD
James A. Muench, AUSA

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE